## John Jourden v. James J. Boyce and another.

*Promissory notes: Alteration: Evidence: Charge to the jury.* Evidence in an action upon a promissory note, that the only note of the kind that defendant ever signed was payable in two years, while the note sued upon and produced in court was payable in four months, is evidence fairly tending, if believed, to prove an alteration of the identical instrument originally . signed; and it will entitle the defendant to have the case submitted to the jury on that theory.

*Written instruments: Alteration: Inspection: Question of fact.* It cannot be assumed that the question whether an instrument has been altered is one that can always be determined by inspection; but it is a question of fact to be submitted to the jury in the light of all the evidence on the subject.

*Heard and decided January 20.*

Error to St. Clair Circuit.

This was a suit on a promissory note for one hundred and fifty dollars. The execution of the note was denied on oath. The note, when produced, was payable four months after date, and purported to be executed by Jourden by his mark and attested by one Terney. Plaintiffs introduced evidence tending to prove the execution by defendant of the identical instrument produced; and they were admitted to be *bona fide* purchasers. The defendant gave evidence tending to show that he gave but one such note, and that the note which he signed had two years to run.

The circuit judge refused to charge, as requested . by defendant, that if defendant executed the note and it was afterwards materially altered, this would vitiate it and render it void, even in the hands of a *bona fide* holder; and that the alteration of the time of payment from two years to four months would be such an alteration as would vitiate the note and render it void. But he left the matter to the jury as if the only disputed question of fact in this regard was, whether the defendant had ever in fact executed the identical instrument sued upon, or had executed some other note, and not this. The verdict and judgment were for plaintiffs, and defendant brought error.

*Atkinson Bros.*, for plaintiff in error.

*Stevens & Thomas* and *W. T. Mitchell*, for defendants in error.

THE COURT held that evidence that the only note of the kind defendant ever signed was payable in two years, while the note sued upon and produced in court was payable in four months, was evidence fairly tending, if believed, to prove an alteration of the identical instrument originally signed; and that the defendant had a right to have the case submitted to the jury on this theory; that it cannot be assumed that the question whether an instrument has been altered is one that can always be determined by inspection merely, but that it is a question of fact to be submitted to the jury in the light of all the evidence on the subject.

Judgment reversed, with costs, and a new trial ordered.